1   JAMES J. YUKEVICH (SBN 159896)
    *jyukevich@yukelaw.com*
2   CRISTINA M. CIMINELLI (SBN 206201)
    *cciminelli@yukelaw.com*
3   JEFFREY W. CALIGIURI (SBN 273908)
    *jcaligiuri@yukelaw.com*
4   YUKEVICH | CAVANAUGH
    355 S. Grand Avenue, 15th Floor
5   Los Angeles, California 90071-1560
    Telephone:  (213) 362-7777
6   Facsimile:  (213) 362-7788

7   Attorneys for Defendant
    FERRARI NORTH AMERICA, INC.

8

9              **UNITED STATES DISTRICT COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

| | |
|---|---|
| 12  EDMOND E. ASLAN and EILEEN MICHAELIAN, | CASE NO.  2:16-cv-2574-AB(SSx) |
| 13 | **STIPULATED PROTECTIVE ORDER** |
| 14         Plaintiffs, | |
| 15      vs. | [Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] |
| 16  FERRARI NORTH AMERICA, INC., a Delaware corporation, ZF TRW Automotive Holding Corporation, a Michigan Corporation, and DOES 1-100, inclusive, | |
| 17 | |
| 18 | |
| 19         Defendants. | |

20

21         IT IS HEREBY STIPULATED by and between the undersigned parties, by

22   and through their respective counsel of record, as follows:

23   **I.      PURPOSES AND LIMITATIONS**

24         Discovery in this Action is likely to involve the production of confidential,

25   proprietary, or private information for which special protection from public

26   disclosure and from use for any purpose other than the prosecution or defense of this

27   litigation may be warranted.  Accordingly, the Parties hereby stipulate to and

28   petition the Court to enter the following Stipulated Protective Order (hereinafter,

"Order").

## II.   GOOD CAUSE

This Action is likely to involve trade secrets, customer lists, customer communications, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information (including information implicating the privacy rights of third parties), information regarding the Parties' confidential business practices, and/or the Parties' confidential research, development, design, manufacturing, and commercial information, which is otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information between the Parties, to facilitate the prompt resolution of disputes of the confidentiality of discovery materials, to adequately protect information that the Parties are entitled to keep confidential, to ensure the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.   DEFINITIONS

    **A.**   **Action:** the above-captioned litigation, *Edmond E. Aslan and Eileen Michaelian v. Ferrari North America, Inc., et al.*, United States District Court, Central District of California, Case No. 2:16-cv-2574-AB(SSx).

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

1    **B.    Challenging Party:** a Party or Non-Party that challenges the

2 designation of information or items under this Order.

3    **C.    "CONFIDENTIAL" Information or Items:** information or tangible

4 things (regardless of how the information or things are generated, stored, or

5 maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c),

6 and as specified, *supra*, in the Good Cause Statement.

7    **D.    Counsel:** Counsel of Record and House Counsel, and their respective

8 support staffs.

9    **E.    Counsel of Record:** attorneys who are not employees of a Party to this

10 Action but are retained to represent or advise a Party to this Action and have

11 appeared in this Action on behalf of that Party or are affiliated with a law firm

12 which has appeared on behalf of that Party, and their respective support staffs.

13    **F.    Designating Party:** a Party or Non-Party that designates information or

14 items that it produces in disclosures or in responses to discovery as

15 "CONFIDENTIAL."

16    **G.    Disclosure or Discovery Material:** all items or information, regardless

17 of the medium or manner in which it is generated, stored, or maintained (including,

18 but not limited to, testimony, transcripts, and tangible things), that are produced or

19 generated in disclosures or responses to discovery in this Action.

20    **H.    Expert:** a person with specialized knowledge or experience in a matter

21 pertinent to the litigation who has been retained by a Party or its Counsel to serve as

22 an expert witness or as a consultant in this Action.

23    **I.    House Counsel:** attorneys who are employees of a Party to this Action.

24 House Counsel does not include Counsel of Record or any other outside counsel.

25    **J.    Non-Party:** any natural person, partnership, corporation, association,

26 or other legal entity not named as a Party to this Action.

27    **K.    Party or Parties:** any party or parties to this Action, including all of

28 their officers, directors, employees, consultants, retained experts, and Counsel of

1  Record, and their respective support staff.

2    **L.** **Producing Party:** a Party or Non-Party that produces Disclosure or

3  Discovery Material in this Action.

4    **M.** **Professional Vendors:** persons or entities that provide litigation

5  support services (including photocopying, videotaping, translating, preparing

6  exhibits or demonstrations, and organizing, storing, or retrieving data in any form or

7  medium) and their employees and subcontractors.

8    **N.** **Protected Material:** any Disclosure or Discovery Material that is

9  designated as "CONFIDENTIAL."

10    **O.** **Receiving Party:** a Party that receives Disclosure or Discovery

11  Material from a Producing Party.

12  **IV.** **SCOPE**

13    The protections conferred by this Order cover not only Protected Material (as

14  defined above), but also (1) any information copied or extracted from Protected

15  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

16  and (3) any testimony, conversations, or presentations by Parties or their Counsel

17  that might reveal Protected Material.

18    Any use of Protected Material at trial shall be governed by the orders of the

19  trial judge.  This Order does not govern the use of Protected Material at trial.

20  **V.** **DURATION**

21    Even after the final disposition of this Action, the confidentiality obligations

22  imposed by this Order shall remain in effect until a Designating Party agrees

23  otherwise in writing or a court order otherwise directs.  Final disposition shall be

24  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

25  or without prejudice; and (2) final judgment herein after the completion and

26  exhaustion of all appeals, rehearing, remands, trials, or reviews of this Action,

27  including the time limits for filing any motions or applications for extension of time

28  pursuant to applicable law.

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

# VI. DESIGNATING PROTECTED MATERIAL

## A. Manner and Timing of Designation

Except as otherwise provided in this Order (see, e.g., second paragraph of Section VI(A)(1), *infra*), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

1. For information in documentary form (e.g., paper or other electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions (e.g., by making appropriate markings in the margins).

2. For testimony given in depositions, the Designating Party shall identify the Disclosure or Discovery Material on the record, before the close of the

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

# VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

## A. Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV, *infra*.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

## B. Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL" only to:

1. The Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

2. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

3. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), provided that no disclosure shall be made to any Expert who is (i) an employee of a direct business competitor of the Designating Party; or (ii) employed by a direct business competitor of the Designating Party and who directly participates in design, manufacturing, marketing, or

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

1    service activities of direct business competitors;

2    4.    The Court and its personnel;

3    5.    Court reporters and their staff;

4    6.    Professional Vendors to whom disclosure is reasonably necessary for

5          this Action and who have signed the "Acknowledgement and

6          Agreement to be Bound" (Exhibit A);

7    7.    The author or recipient of a document containing the information or a

8          custodian or other person who otherwise possessed or knew of the

9          information; and

10   8.    Any mediator or settlement officer, and their supporting personnel,

11         mutually agreed upon by any of the Parties engaged in settlement

12         discussions.

13   **IX.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

14   **PRODUCED IN OTHER LITIGATION**

15        If a Party is served with a subpoena or a court order issued in other litigation

16   that compels disclosure of any information or items designated in this Action as

17   "CONFIDENTIAL" that Party must:

18   1.    Promptly notify in writing the Designating Party. Such notification

19         shall include a copy of the subpoena or court order;

20   2.    Promptly notify in writing the party who caused the subpoena or order

21         to issue in the other litigation that some or all of the material covered

22         by the subpoena or order is subject to this Order. Such notification

23         shall include a copy of this Stipulated Protective Order; and

24   3.    Cooperate with respect to all reasonable procedures sought to be

25         pursued by the Designating Party whose Protected Material may be

26         affected.

27        If the Designating Party timely seeks a protective order, the Party served with

28   the subpoena or court order shall not produce any information designated in this

YUKEVICH | CAVANAUGH

355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 382-7777
Facsimile (213) 362-7788

1   action as "CONFIDENTIAL" before a determination by the court from which the

2   subpoena or order issued, unless the Party has obtained the Designating Party's

3   permission. The Designating Party shall bear the burden and expense of seeking

4   protection in that court of its confidential material and nothing in these provisions

5   should be construed as authorizing or encouraging a Receiving Party in this Action

6   to disobey a lawful directive from another court.

7   **X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

8        **PRODUCED IN THIS LITIGATION**

9        The terms of this Order are applicable to information produced by a Non-

10  Party in this Action and designated as "CONFIDENTIAL." Such information

11  produced by Non-Parties in connection with this Action is protected by the remedies

12  and relief provided by this Order. Nothing in these provisions should be construed

13  as prohibiting a Non-Party from seeking additional protections.

14       In the event that a Party is required, by a valid discovery request, to produce a

15  Non-Party's confidential information in its possession, and the Party is subject to an

16  agreement with the Non-Party not to produce the Non-Party's confidential

17  information, then the Party shall:

18       1.    Promptly notify in writing the Requesting Party and the Non-Party that

19             some or all of the information requested is subject to a confidentiality

20             agreement with a Non-Party;

21       2.    Promptly provide the Non-Party with a copy of this Order, the relevant

22             discovery request(s), and reasonably specific description of the

23             information requested; and

24       3.    Make the information requested available for inspection by the Non-

25             Party, if requested.

26       If the Non-Party fails to seek a protective order from this Court within

27  fourteen (14) days of receiving the notice and accompanying information, the

28  Receiving Party may produce the Non-Party's confidential information responsive

to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgement and Agreement to be Bound" (Exhibit A).

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

# XIII. MISCELLANEOUS

## A. Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

## B. Right to Assert Other Objections

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

## C. Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Central District of California Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

# XIV. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section V, *supra*, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving

1  Party has not retained any copies, abstracts, compilations, summaries, or any other

2  format reproducing or capturing any of the Protected Material.

3  **XV.  VIOLATION OF THIS ORDER**

4      Any violation of this Order may be punished by any and all appropriate

5  measures including, without limitation, contempt proceedings or monetary

6  sanctions.

7      IT IS SO STIPULATED.

8  DATED: ~~March~~ 16, 2017      YUKEVICH | CAVANAUGH

9      ~~May~~

10     By: _____

11     James J. Yukevich

    Cristina M. Ciminelli

12     Jeffrey W. Caligiuri

    **Attorneys for Defendant**

13     **FERRARI NORTH AMERICA, INC.**

14

15 DATED: March 31, 2017      DANIELS, FINE, ISRAEL,

    SCHONBUCH & LEBOVITS, LLP

16

17     By: _____

18     Moses Lebovits

19     Ashley L. Arnett

    **Attorneys for Plaintiffs EDMOND E.**

20     **ASLAN and EILEEN MICHAELIAN**

21

22     FOR GOOD CAUSE SHOWING, IT IS SO ORDERED.

23

24 DATED: ___MAY 18, 2017___

25

26                     /S/

    _____

27     Hon. Suzanne H. Segal

    United States Magistrate Judge

28

YUKEVICH | CAVANAUGH

355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

1
2
3
4      I, _____, individually and on behalf of my

5   agents and employers, _____, declare under

6   penalty of perjury that I have read in its entirety and understand the Stipulated

7   Protective Order that was issued by the United States District Court for the Central

8   District of California in the case of *Edmond E. Aslan and Eileen Michaelian v.*

9   *Ferrari North America, Inc., et al.*, United States District Court, Central District of

10  California, Case No. 2:16-cv-2574-AB(SSx).

11      I hereby agree to comply with and to be bound by all the terms of this

12  Stipulated Protective Order.  I understand and acknowledge that failure to so comply

13  could expose me to sanctions and punishment from the United States District Court

14  for the Central District of California in the nature of contempt.  I solemnly promise

15  that I will not disclose in any manner, shape, or form any information or item that is

16  subject to this Stipulated Protective Order to any person or entity except in strict

17  compliance with the provisions of this Order.

18      I further agree to submit to the jurisdiction of the United States District Court

19  for the Central District of California for the purpose of enforcing the terms of this

20  Stipulated Protective Order, even if such enforcement proceedings occur after the

21  termination of this action.  I hereby appoint _____

22  of _____ as my California agent for service of

23  process in connection with this action or any proceedings related to the enforcement

24  of this Stipulated Protective Order.

25  DATE:                    _____

26  CITY AND STATE:         _____

27  PRINTED NAME:           _____

28  SIGNATURE:              _____

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1                 **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3     At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My

4 business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

5

6     On May 17, 2017, I served true copies of the following document(s) described as **STIPULATED PROTECTIVE ORDER** on the interested parties in

7 this action as follows:

8               **SEE ATTACHED SERVICE LIST**

9 **BY CM/ECF** for parties that are CM/ECF participants. Service is being made electronically on those parties on the attached list that are registered users of the Court's Electronic Case Filing System.

10

11     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office

12 of a member of the bar of this Court at whose direction the service was made.

13     Executed on May 17, 2017, at Los Angeles, California.

14

15                          Denise M. LaCroix

16

17

18

19

20

21

22

23

24

25

26

27

28